SCWC-18-0000010

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

IN THE INTEREST OF AB

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000010; FC-S NO. 15-0007)

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

The court has considered Petitioner/Intervenor-Appellant KL's application for a writ of certiorari, filed on March 31, 2019, Respondent/Appellee Department of Human Services (DHS)'s response, filed on April 30, 2019, and the record, and has heard this matter by oral argument on June 20, 2019.

This case arises from a child welfare proceeding in the interest of AB. After being placed in temporary foster custody with DHS, AB was placed on family supervision with her father, and lived in a home with him, his longtime girlfriend, KL, and their child, AB's half-sister. Subsequently, AB's father moved

out of the home and left AB in KL's care.  Foster custody to DHS was reinstated, and AB remained with KL, who served as a resource caregiver and had developed a hānai relationship with AB.  On March 10, 2017, the Family Court of the Third Circuit (family court) issued an order terminating parental rights and awarding DHS permanent custody of AB.  The family court also approved a permanent plan, which indicated that KL intended to pursue adoption, and that AB wished to remain in KL's care.  On July 13, 2017, the family court issued an order changing AB's placement to New Hampshire.

Based on KL's status as a hānai parent of AB, mother of AB's half-sister, and resource caregiver of AB, and her expression under the circumstances of her intent to adopt AB, KL was entitled to a contested hearing before the family court changed AB's placement on July 13, 2017 to another resource family home.  The Intermediate Court of Appeals erred by not holding that KL was entitled to intervene in the case as of July 13, 2017, and it erred in suggesting that the issue of KL's intervention may be moot.  Accordingly,

IT IS HEREBY ORDERED that the family court's July 13, 2017 order is vacated.  We remand to the family court for a contested placement hearing and reconsideration of AB's permanent plan, giving proper recognition to KL's status as a hānai parent, as well as AB's best interests.  DHS shall ensure AB's safety and stability in a suitable temporary placement, which may include

2

her present placement.  We retain concurrent jurisdiction to enter an opinion and judgment that will follow.

DATED:  Honolulu, Hawaiʻi, June 28, 2019.

/s/ Mark E. Recktenwald
/s/ Paula A. Nakayama
/s/ Sabrina S. McKenna
/s/ Richard W. Pollack
/s/ Michael D. Wilson



3